# "Exhibit A"

# MUSCARELLA, BOCHET, EDWARDS & D'ALESSANDRO

### A Professional Corporation
### Counsellors At Law

WILLIAM C. BOCHET*
BARBARA ANNE EDWARDS
JAMES P. D'ALESSANDRO**

MICHAEL J. MUSCARELLA (1913-2010)

**10-04 River Road**
**Fair Lawn, New Jersey 07410**

(201) 796-3100
Fax (201) 791-0350

\* CERTIFIED BY THE
 SUPREME COURT
 OF NEW JERSEY AS A
 CIVIL TRIAL ATTORNEY

\*\* NEW YORK BAR

May 04, 2013

**Benjamin Ashmore**
70 Alder Drive
Ramsey, NJ 07446

Re:  **Benjamin Jeffery Ashmore, Debtor**
     Chapter 7; Case No. 13-17450

Dear Mr. Ashmore:

Kindly forward a copy of your tax returns for the last five years <u>for my file</u> to the 341 (a) hearing connection with the above captioned matter.

**Please bring these documents with you. Please do not send via fax or email.**

**Please also remember to bring a copy of debtor's last filed tax return together with documentation as to debtor's income for 60 days prior to the filing of the petition as required by the United States Bankruptcy Code. Failure to provide this information will result in the adjournment of the hearing and/or dismissal of the within petition.**

Thank you.

Very truly yours,

**BARBARA A. EDWARDS**
Interim Trustee

BAE: jp

B9A (Official Form 9A) (Chapter 7 Individual or Joint Debtor No Asset Case) (12/12)                    Case Number 13-17450-MS

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

### Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A Chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 4/8/13.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights.
All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below.
NOTE:  The staff of the bankruptcy clerk's office cannot give legal advice.

**Creditors — Do not file this notice in connection with any proof of claim you submit to the court.**
## See Reverse Side For Important Explanations.

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Benjamin Jeffery Ashmore
70 Alder Drive
Ramsey, NJ 07446

| Social Security/Taxpayer ID/Employer ID/Other Nos.:<br>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 (Benjamin Jeffery Ashmore) | United States Bankruptcy Judge:<br>Honorable Morris Stern |
|---|---|
| Attorney for Debtor(s) (name and address):<br>Benjamin Jeffery Ashmore<br>70 Alder Drive<br>Ramsey, NJ 07446<br>Telephone number: | Trustee:<br>Barbara Edwards<br>Muscarella,Bochet,Edwards & D'Alessandro<br>10-04 River Road<br>Fair Lawn, NJ 07410<br>Telephone number:  (201) 796-3100<br>The United States Trustee, Region 3 appoints the above-named individual as interim trustee as of the date of the filing of the bankruptcy petition. |

### Meeting of Creditors:

Date: May 13, 2013                                Time: 01:30 PM
Location:  Office of the US Trustee, 1085 Raymond Blvd., One Newark Center, Suite 1401, Newark, NJ 07102-5504

## Presumption of Abuse under 11 U.S.C. § 707(b)
### See "Presumption of Abuse" on reverse side.

The presumption of abuse arises.

### Deadlines:

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to Object to Debtor's Discharge *or* to Challenge Dischargeability of Certain Debts:**
**7/12/13**

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the
debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the
court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

## Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

## Creditor with a Foreign Address:

A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time"
on the reverse side.

| Address of the Bankruptcy Clerk's Office:<br>MLK Jr Federal Building<br>50 Walnut Street<br>Newark, NJ 07102<br>Telephone number:  973-645-4764 | For the Court:<br>Clerk of the Bankruptcy Court:<br>James J. Waldron |
|---|---|
| Business Hours:<br>8:30 AM – 4:00 p.m., Monday – Friday (except holidays) | Date:  4/10/13 |

# "Exhibit B"

# BENJAMIN J. ASHMORE, SR.

May 13, 2013

<u>BY FASCIMILE TO (201) 791-0350</u>

Barbara A. Edwards, Esq.
Muscarella, Bochet, Edwards & D'Alessandro
10-04 River Road
Fair Lawn, N.J. 07410

> Re:   *In re Benjamin Ashmore*
> Docket No. 13-17450-MS
> Meeting of Creditors Adjournment

Dear Ms. Edwards:

The Newark Clerk of the U.S. Bankruptcy Court advised me to contact you directly concerning rescheduling the Meeting of Creditors in the captioned matter.  The meeting was adjourned earlier today because I did not bring the original of my social security card.

I had called the Clerk to inquire about when the meeting would be scheduled because of my unavailability on several dates in the next month due to depositions in New York, Cleveland and Washington, D.C. scheduled in a matter pending in the Southern District of New York District Court. When scheduling these depositions last month, I had left open this date in light of the creditor's meeting.

At present, I am unavailable on the below dates and respectfully request that the Meeting of Creditors be scheduled around these dates:

> May 23-24
> May 28-31
> June 10-14
> June 25-26

Thank you in advance for your accommodation. If you have any additional questions, I can be reached by email at ben-sr@benashmore.com or by telephone at (917) 608-7455.

Very truly yours,

Benjamin J. Ashmore, Sr.

# "Exhibit C"

At a Special Term Part 31 of the
CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF
KINGS
at the Court House at
141 LIVINGSTON STREET BROOKLYN
on _____Feb. 9_____, 200 9

**OK AS TO FORM**
**SPECIAL TERM**

Index No. 108904KCV-08

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF KINGS

_____

AMERICAN EXPRESS

                  Plaintiff,

       -AGAINST-

BENJAMIN ASHMORE

               Defendant(s),

_____

## ORDER

_____

Pursuant to the affirmation of WILLIAM THOMAS dated 1/16/2009 , it is hereby

ORDERED AND ADJUDGED that the judgment entered in favor of plaintiff and against defendant
on 12/9/2008 in the sum of 5133.17 is hereby deemed to be null, void and vacated and that the
action herein is deemed discontinued, and it is

FURTHER ORDERED that a copy of this order with notice of entry shall be served upon the
defendant and upon the Judgment Clerk.

_____
Hon.
Judge

**FEB 12 2009**

HON. NOACH DEAR

Mel S. Harris and Associates LLC
Attorneys for Plaintiff
5 Hanover Square, 8th Floor
New York, New York 10004
(212)571-4900

*MSH FILE NO.* 893738-1



At a Special Part 34 of the Civil Court of
the City of New York – County of Kings
at the Courthouse located at 141
Livingston St, Brooklyn, on    7/28/11

CIVIL COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS, PART 34

————————————————————————X

MIDLAND FUNDING, LLC DBA IN NEW YORK
AS MIDLAND FUNDING OF DELAWARE LLC

PlaintiffS,

ORDER

-against-

Index No. CV-041404-10/KI

BENJAMIN J. ASHMORE, SR.

Defendant.

————————————————————————X

Pursuant to the affidavit of Defendant Benjamin J. Ashmore, Sr. dated July 26, 2011 and the

Decision and Order dated July 12, 2011 and Order to Show Cause dated June 28, 2011 it is hereby

**ORDERED AND ADJUDGED** that the judgment entered in favor of plaintiff and

against defendant on 03/23/2011 in the sum of $3,620.69 is hereby deemed to be null, void and

vacated and that the action herein is deemed discontinued, and it is

**FURTHER ORDERED** that a copy of this order with notice of entry shall be served on

the plaintiff and upon the Judgment Clerk.

DATED:    7-28-11

ENTER

_____ J.C.C.

HON. ROBIN E. SHEARES

Superior Court of New Jersey, Law Division, Bergen County, Special Civil Part

# STIPULATION OF SETTLEMENT

### THIS WILL BECOME A BINDING AGREEMENT WHEN SIGNED BY THE PLAINTIFF AND THE DEFENDANT OR THEIR AUTHORIZED AGENTS

Name of Case: _Midland Funding LLC v. Benjamin Ashmore_

Docket No. _DC-000897-11_

Special Civil Part Section: ☒
Tort: ☐
Contract: ☒

Small Claims Section: ☐
MV Prop. Damage: ☐
Contract: ☐
Security Deposit: ☐

It is hereby agreed by the Plaintiff and the Defendant that this action is hereby settled upon the following terms and conditions:

1.   The _____ will pay to the _____ the sum of $ _____
in installments or in a lump sum as follows: _dismissal without Prejudice_

If payment(s) is/are not made when due, the aggrieved party may submit to the Court, an ex parte affidavit certifying the breach of this Stipulation of Settlement and certifying the amount not paid. The Court will thereafter enter Judgment against the party in default in either: ☐ the amount not paid, plus Courts costs, or ☐ the amount of $ _____ minus any payment(s) made in accordance with this Stipulation of Settlement, plus Court costs.

2.   Upon payment in full, the parties hereby release each other from any and all liability, responsibility, damage, or loss arising from the claim made in this action.

3.   The within action is hereby dismissed in accordance with this Stipulation of Settlement.

4.   If checked here, ☐ there are additional terms and conditions on the reverse side of this Stipulation of Settlement, which must be initialed by all parties.

5.   I have signed this Stipulation of Settlement after reading it or having it explained to me. I understand the terms and conditions of this Stipulation of Settlement. I acknowledge and consent to the entry of this Stipulation of Settlement. I have been given a fully executed copy of this Stipulation of Settlement.

_[signature]_
**PLAINTIFF**

Gina M. LoBue
Attorney for Plaintiff
**PLAINTIFF**

Today's Date: _6/20/11_

_[signature]_
**DEFENDANT**

Benjamin T. Ashmore
**DEFENDANT**

_6/20/11_
**MEDIATOR**

RECEIVED   TUESDAY 1/18/2011 12:37:31 PM 658903     FILED Jan 18, 2011

Pressler and Pressler, LLP
7 Entin Rd.
Parsippany, NJ 07054-5020
(973)753-5100
Attorney for Plaintiff
File # A144846

MIDLAND FUNDING LLC
                    Plaintiff

vs.

BENJAMIN ASHMORE SR
                    Defendant(s)

SUPERIOR COURT OF NEW JERSEY
Law Division
BERGEN  Special Civil Part
Docket # DC-002897-11

Civil Action
COMPLAINT
(Contract)

_____

Plaintiff having a principal place of business at: 8875 AERO DRIVE SUITE 200
SAN DIEGO, CA 92123 says:

1. It is now the owner of the defendant(s) CAPITAL ONE BANK account  number
4862362493628583 which is now in default. There is due the  plaintiff  from
the defendant(s) BENJAMIN ASHMORE SR the sum of $1,838.95 plus interest from
08/12/2008 to 01/14/2011 in the amount of $140.70 for a total of $1,979.65.

WHEREFORE, plaintiff demands judgment for the sum of $1,979.65 plus accruing
interest to the date of judgment plus costs.

I certify that the matter in controversy is not the subject  of  any  other
court action or arbitration proceeding, now pending  or  contemplated,  and
that no other parties should be joined in this action.

I certify that confidential personal identifiers have  been  redacted  from
documents now submitted to  the court,  and will  be  redacted  from  all
documents submitted in the future in accordance in Rule 1:38-7(b).

                         PRESSLER and PRESSLER, LLP
                         Attorneys for Plaintiff(s)
                         By: S/Ralph Gulko
                         _____
                         Ralph Gulko

Superior Court of New Jersey, Law Division, Bergen County, Special Civil Part

# STIPULATION OF SETTLEMENT

**FILED**

FEB 0 7 2011

JOSEPH R. ROSA, J. **THIS WILL BECOME A BINDING AGREEMENT WHEN SIGNED**
J.S.C.    **BY THE PLAINTIFF AND THE DEFENDANT OR THEIR AUTHORIZED AGENTS**

Name of Case:    VANZ, LLC    V.    BENJAMIN J. ASHMORE

Docket No.:    DC - 29291

| Special Civil Part: | ☑ | Small Claims Section: | ☑ |
| Tort: | ☐ | MV Prop. Damage: | ☐ |
| Contract: | ☑ | Contract: | ☑ |
| | | Security Deposit: | ☐ |

It is hereby agreed by the Plaintiff and the Defendant that this action is hereby settled
the following terms and conditions:

1.    The DEFENDANT will pay to the PLAINTIFF the sum of: $1200.00 +tax
in installments or in a lump sum as follows: $600.00 ON OR BEFORE AUGUST
2011 AND $600.00 ON OR BEFORE SEPTEMBER 1st 2011
If payment(s) is/are not made when due, the aggrieved party may submit to the Court, an *ex parte*
Affidavit certifying the breach of this Stipulation of Settlement and certifying the amount not paid.
The Court will thereafter enter Judgment against the party in default in either: ☐ the
amount not paid, plus Court costs, or ☑ the amount of $1634.36 minus any payment(s) m
in accordance with this Stipulation of Settlement, plus Court costs.

2.    Upon payment in full, the parties hereby release each other from any and all liability,
responsibility, damage, or loss arising from the claims made in this action.

3.    The within action is hereby dismissed in accordance with this Stipulation of Settlement.

4.    If checked here    ☑    there are additional terms and conditions on the reverse side of this
Stipulation of Settlement, which must be initialed by all parties.

5.    I have signed this Stipulation of Settlement after reading it or having it explained to me. I
understand the terms and conditions of this Stipulation of Settlement. I acknowledge and consen
the entry of this Stipulation of Settlement. I have been given a fully executed copy of this Stipul
of Settlement.    PRESSLER KAHN + SHEPARD P.C.
ATTORNEYS FOR PLAINTIFF

Richard T. Zimmermann

PLAINTIFF _____    DEFENDANT-BENJAMIN J. ASHMORE

LAINTIFF _____    DEFENDANT _____

Today's Date: FEBRUARY 7 2011    MEDIATOR _____

**4.** ANY MONIES PAID OR TO BE PAID BY BENJAMIN J. ASHMORE IN THIS NEW JERSEY PROCEEDING WILL BE CREDITED TO MR. ASHMORE IN THE MATRIMONIAL PROCEEDING, ASHMORE V. ASHMORE, INDEX # 37380-2007 IN KINGS COUNTY, NEW YORK SUPREME COURT.

BJA

FEIN, SUCH, KAHN & SHEPARD, P.C.
7 Century Drive, Suite 201
Parsippany, New Jersey 07054
(973) 538-4700
Attorney For Plaintiff(s)

| | | |
|---|---|---|
| VANZ, LLC-AUGUST10-SERIES03 | | SUPERIOR COURT OF NEW JERSEY |
| | Plaintiff | LAW DIVISION-BERGEN COUNTY |
| vs. | | SPECIAL CIVIL PART |
| BENJAMIN J ASHMORE | | DOCKET NO: |
| | Defendant | CIVIL ACTION    DC-029291-10 |
| | | COMPLAINT |

Plaintiff(s), VANZ, LLC-AUGUST10-SERIES03, residing at 577 HAMBURG TURNPIKE, WAYNE, NJ,
say(s):

FIRST COUNT:  Plaintiff's predecessor in interest sold and assigned all right, title and interest in the
defendant's defaulted CHASE BANK USA, N.A. (Acct #5401683023224741) account to the Plaintiff.

SECOND COUNT:  Defendant(s) are/is indebted to Plaintiff arising out of goods and/or services and/or
cash advances made on the aforementioned CHASE BANK USA, N.A. account.

THIRD COUNT:  There is now due and owing to the Plaintiff from Defendant(s) the sum of $1,634.36,
plus lawful interest pursuant to R.4:42-11 from September 30, 2008.

FOURTH COUNT:  Demand for payment has been made, but has gone without heed.

WHEREFORE, plaintiff, VANZ, LLC-AUGUST10-SERIES03, demands judgment, against Defendant(s),
BENJAMIN J ASHMORE, in the amount of $1,634.36, together with lawful interest pursuant to R.4:42-11
from  September 30, 2008, to judgment, attorneys fees and costs of suit.  .

### R. 4:5-1 CERTIFICATION:

I certify that the matter in controversy is not the subject of any other court action or arbitration proceeding,
now pending or contemplated, and that no other parties should be joined in this action.

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

FEIN, SUCH, KAHN & SHEPARD, P.C.

BY: /S/ Philip A. Kahn
    Attorney For Plaintiff

L1004838/

CIVIL COURT OF THE CITY OF NEW YORK                    INDEX#  CV-041404-10/KI
COUNTY OF KINGS, PART 34

MIDLAND FUNDING LLC DBA IN NEW YORK AS              **DECISION/ORDER**
MIDLAND FUNDING OF
DELAWARE LLC
                    Plaintiff(s)
        -against-
BENJAMIN ASHMORE
                    Defendant(s)
                                                        Present  Hon. Carolyn E. Wade

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this order to vacate and set aside default judgment:

| Papers | Numbered |
|---|---|
| Order To Show cause/Notice of Motion and Affidavits/Affirmations annexed | 1-2 |
| Answering Affidavits/Affirmations | |
| Reply Affidavits/Affirmations | |
| Memoranda of Law | |
| Other | |

Upon the foregoing cited papers, the Decision/Order on this Motion is as follows:

Defendant (s) **BENJAMIN ASHMORE** motion to vacate and set aside the default judgment herein is granted (on consent, on default, after argument), provided defendant **serve an answer together with a copy of this Order on plaintiff and file proof of service** of the answer and this order with the Court (Room 303) and the Judgment Clerk ( Room 302 ) within 20 days of entry of this order.

Upon compliance with the above conditions, the aforesaid judgment and all post judgment enforcement, including any income executions and restraints shall be vacated without further order of the Court. Any monies or other assets that may have been collected in the enforcement of the judgment shall be returned to the defendant forthwith without further order of the Court.

The clerk shall place this action on the appropriate calendar upon receipt of the answer, proof of service thereof and payment of the proper fee, if any.

Should the defendant fail to comply fully with the terms of this order, the judgment shall stand in full force and effect and plaintiff shall be entitled to enforce execution as provided by statute.

The foregoing shall constitute the Decision and Order of the Court.

                                                CAROLYN E. WADE
                                                JUDGE, CIVIL COURT
July 12, 2011                                   Hon. Carolyn E. Wade
                                                Civil Court Judge (NYC)

CIVIL COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------X

MIDLAND FUNDING, LLC

                              Plaintiff,

              -against-

BENJAMIN J. ASHMORE, SR.

                           Defendant.
-------------------------------------------------------X

**ORDER TO SHOW CAUSE**

Index No. CV-041404-10/KI
.......................................
To Vacate a Judgment, restore case to the
Calendar, and vacate any liens and income
executions involving Defendant on this case.

        **UPON** the annexed affidavit of Benjamin J. Ashmore, Sr., sworn to on June 28, 2011,

and upon all papers and proceedings herein, let the Claimant(s)/Plaintiff(s) or Claimant(s)/Plaintiff(s)

attorney(s) show cause at the Courthouse located at 141 Livingston St, Brooklyn, New York, 11201,

Part 34, Room 1102, on July 12, 2011 at 9:30AM or as soon thereafter as counsel may be

heard, why an order should not be made:

        **VACATING** the Judgment and dismissing and discontinuing the action and / or granting

such other and further relief as this Court may deem just; and,

      SUFFICIENT CAUSE APPEARING THEREFORE IT IS:

1. **ORDERED** that pending the hearing of this Order to Show Cause and the entry of an Order

    thereon, let all proceedings on the part of the Claimant(s)/Plaintiff(s), Claimant(s)/Plaintiff(s)

    attorney(s) and agent(s) and any Marshal or Sheriff of the City of New York for the enforcement

    of said Judgment be stayed; and,

2. **ORDERED** that overnight mail, certified mail, or personal service upon the Claimant(s)

    /Plaintiff(s) or Claimant(s)/Plaintiff(s) attorney(s), a copy of the Order to Show Cause, together

    with the annexed Affidavit and Exhibits, on or before the 30 day of July 2011 shall be deemed

    good and sufficient service hereof; and,

3.  **ORDERED** that proof of such service shall be filed with the Clerk in the Part indicated above on

the return date of this Order to Show Cause

DATED: **JUN 2 ˙ 2011**

ENTER

_____ J.C.C.

HON. NANCY M. BANNON,
J.C.C.

F.C.A.§§ 115, 651; S.S.L. §384-a; D.R.L. §70, 71, 72                                      GF23 8/2002

## FAMILY COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS

In the Matter of a Custody/Visitation Proceeding          **File #:**      122821
                                                          **Docket #:**  V-28918-07
**Benjamin J. Ashmore,**                                                  V-28919-07
                                          Petitioner,                     V-28920-07

   - against -                                        **WRIT OF HABEAS CORPUS**

**Kelly L. Ashmore,**
                                          Respondent.

---

    To:   Kelly L. Ashmore
          1042 52nd Street, Apt. 2
          Brooklyn, NY 11219

 A petition having been filed in this Court by Petitioner, Benjamin J. Ashmore, who is the father of the child, Benjamin J. Ashmore II, alleging that Respondent, Kelly L. Ashmore, who is the mother of the child, Benjamin J. Ashmore II has wrongfully and unlawfully detained the children named below,

   IT IS HEREBY ORDERED that the following children:

| Name | Date of Birth |
| --- | --- |
| Benjamin J. Ashmore II | 4/19/1999 |
| Faith A. Ashmore | 10/7/1997 |
| Lucienne L. Ashmore | 11/15/2005 |

**be produced by you before the Honorable Wavny Toussaint, a Judge of the Family Court of the State of New York, located at 330 Jay Street, Brooklyn, NY 11201, on September 27, 2007 at 10:30 AM for such further proceedings as the Court may direct.**

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Dated: September 19, 2007                    **ENTER**


                                    **Hon. Wavny Toussaint**

**Check applicable box:**
☐ Order mailed on [specify date(s) and to whom mailed]:_____
☐ Order received in court on [specify date(s) and to whom given]:_____

F.C.A.§§ 115, 651; S.S.L. §384-a; D.R.L. §70, 71, 72                                        GF23 8/2002

# FAMILY COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS

In the Matter of a **Custody/Visitation** Proceeding

Benjamin J. Ashmore,

                        Petitioner,

    - against -

Kelly L. Ashmore,

                        Respondent.

File #:      122821
Docket #:  V-28918-07
             V-28919-07
             V-28920-07

**WRIT OF HABEAS CORPUS**

To:    Kelly L. Ashmore
       1042 52nd Street, Apt. 2
       Brooklyn, NY 11219

A petition having been filed in this Court by Petitioner, Benjamin J. Ashmore, who is the father of the child, Benjamin J. Ashmore II, alleging that Respondent, Kelly L. Ashmore, who is the mother of the child, Benjamin J. Ashmore II has wrongfully and unlawfully detained the children named below,

IT IS HEREBY ORDERED that the following children:

| Name | Date of Birth |
|---|---|
| Benjamin J. Ashmore II | 4/19/1999 |
| Faith A. Ashmore | 10/7/1997 |
| Lucienne L. Ashmore | 11/15/2005 |

**be produced by you, forthwith to Benjamin Ashmore.**

**Even If the children are turned over, they are to be produced by the petitioner,  before the Honorable Wavny Toussaint, a Judge of the Family Court of the State of New York, located at 330 Jay Street, Brooklyn, NY 11201, on 10/02/2007, for such further proceedings as the Court may direct.**

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Dated: September 27, 2007          **ENTER**

                                   _____
                                   Hon. Wavny Toussaint

Check applicable box:
☐ Order mailed on [specify date(s) and to whom mailed]:_____
☐ Order received in court on [specify date(s) and to whom given]:_____

GFI8Temp

At a term of the Family Court of the State
of New York, held in and for the County
of Kings, at 330 Jay Street, Brooklyn, NY
11201, on October 2, 2007

**PRESENT:**    Hon. Wavny Toussaint

In the Matter of a **Custody/Visitation** Proceeding

**Benjamin J. Ashmore,**

Petitioner,

- against -

**Kelly L. Ashmore,**

Respondent.

**File #:**    122821
**Docket #:**  V-28913-07
            V-28914-07
            V-28915-07

**TEMPORARY ORDER OF
CUSTODY AND VISITATION**

Benjamin J. Ashmore having filed a petition on September 19, 2007, pursuant to Article 6 of the Family Court Act, requesting an order awarding custody of the following minor child(ren):

| Name | Date of Birth |
|---|---|
| Benjamin J. Ashmore II | 4/19/1999 |
| Faith A. Ashmore | 10/7/1997 |
| Lucienne L. Ashmore | 11/15/2005 |

And the matter having duly come on to be heard before this Court;

NOW, it is hereby

ORDERED that a temporary order of custody is awarded to the father.

A temporary order of visitation is awarded to the mother as follows:
Weekdays, Monday to Friday from 8:00am to 7:00pm. Sundays from 9:00am to 3:00pm.

The parties are to agree as to pick up and drop off.

This order shall remain in effect until November 13, 2007.

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Dated: October 2, 2007

**ENTER**

Hon. Wavny Toussaint

Check applicable box:
☐ Order mailed on [specify date(s) and to whom mailed]:_____
☐ Order received in court on [specify date(s) and to whom given]:_____



**JAY M. HOWSE**
20525 Balmoral Drive
Macomb, Michigan
48044

Your Honor:

As a professional process server of 16 years, and a Detroit Police Officer for 25 years, I have made it a practice not to become personally involved in the matter before the court. As long as I receive my fee I am not concerned about the finding of the court.

That being said: I find it ludicrous to think that I would not deliver all documents that I received for the party to be served. I would have no reason to withhold documents. I would being doing a disservice to my client and to the court. I would be a discredit to my profession.

Perhaps the following scenario is possible. I understand that the defendant had belief that the plaintiff had been served by her first. As a fact the defendant avoided service until the for four days and was in a "giddy mood" when I presented her with the documents issued by your court. Thus, when she discovered that it was an improper service she became enraged and to cause the service upon her to be deemed invalid she withheld certain documents from her attorney.

If that is the case perhaps her attorney should have the missing documents faxed to his office so that he may continue working on her defense.

This is the only reason I can posture for her denying service of documents.

Jay M. Howse
Process Server
State of Michigan



**JAY M. HOWSE**
20525 Balmoral Drive
Macomb, Michigan
48044

## REPORT OF SERVICE UPON KELLY L. ASHMORE

I attempted to serve Kelly L. Ashmore certain legal documents out of the Family Court of the
State of New York at 1589 Oakcrest, Troy, Michigan 48083 with the following results:
On September 20th, 2007 at 12:53 pm and 8:17pm – no response to repeated knocking.
On September 21st, 2007 at 8:55 am and 1:41 pm – no response to repeated knocking.
        Left business card requesting a phone call.
On September 22nd, 2007 at 9:33 am and 5:14 pm – no response to repeated knocking.
On September 24th, 2007 at 9:50 am – no response to repeated knocking.  Left business card.

I attempted to serve Kelly L. Ashmore certain legal documents out of the Family Court of the
State of New York at 1911 Pinecrest, Ferndale, Michigan 48220 with the following results:
On September 20th, 2007 at 11:27 am, 1:51 pm and 8:35 pm – no response to repeated
Knocking.
On September 21st, 2007 at 9:58 am I observed a white female (the defendant's mother-in-law)
on the front porch. I asked to speak with Kelly Ashmore. I was told that she was not here and
that she had not seen Kelly. Mrs. Ashmore was on the telephone with her husband and I asked
to speak with him. I spoke with Mr. Ashmore and explained the situation to him. I asked that
he have Kelly contact me. I left my business card with Mrs. Ashmore.
I attempted to serve the defendant this date at 1:12 pm – no response to repeated knocking.
On September 22nd, 2007 at 10:15 am and 6:23 pm – no response to repeated knocking.
On September 23rd, 2007 at 10:44 am – no response to repeated knocking. At 7:45 pm I was
greeted by a grinning Mrs. Ashmore and when I asked if Kelly was there she replied "Why of
course she is."
Kelly came to the door. She appeared to be in a "giddy" mood. I served her the court
documents and left.

On September 29th, 2007 I attempted to serve Kelly L. Ashmore certain legal documents out of
the Family Court of the State of New York. At 3:57 pm I was met at the front door of the
Pinecrest address by three persons: Mr. and Mrs. Ashmore and the defendant's father. I asked
to see Kelly and Mrs. Ashmore asked "Why, are you here to serve her the other papers?" My
reply was that I was here to serve her new papers. I allowed the defendant's father to view
them, and he told me they were not valid as they were from New York. He retreated inside of
the dwelling.

Mr. Ashmore than told his wife to call the State Police. My reply was to the effect that that
would be fine. I continued by saying they would be here Monday at any rate to enforce a writ
from the New York court. I then said I would wait for the police to arrive.

# "Exhibit D"

At Matrimonial Part 34 of the Supreme
Court of the State of New York, held for
the County of Kings at the County
Courthouse located at 360 Adams Street,
Brooklyn, NY on the 30 day of May,
2011. JUN 3 0 2011    June

Present: Honorable Eric I. Prus, J.S.C.

-------------------------------------------------------------------X

KELLY ASHMORE,                                    Index No. 37380/07

                        Plaintiff                 **JUDGMENT OF DIVORCE**

    -  against  -

BENJAMIN ASHMORE, Sr.,

                        Defendant.

-------------------------------------------------------------------X

        Plaintiff having brought this action for Judgment of Absolute Divorce; and Plaintiff

having appeared by Howard Yagerman, Esq., of Burger Yagerman & Green, LLP, and

Defendant having appeared Pro Se, and Defendant having moved forward on this claim for a

divorce based on abandonment of Defendant by Plaintiff, and a Summons with Notice bearing

the notation "Action for a Divorce" and a statement of any ancillary relief demanded having

been duly served upon Defendant personally within this State on October 18, 2007, and no

complaint having been served by Plaintiff, and no answer having been served by Defendant, and

the matter having come on for inquest before this Court on September 22, 2008; and upon

hearing proof in support of the essential allegations with regard to abandonment and such proof

having been considered by this Court in the Decision and Order of May 5, 2011; and with

respect, inter alia, to the issues of child support, equitable distribution, and spousal maintenance,

I decide and find as stated in the separate Findings of Fact and Conclusions of Law of even date

herewith;

1

37380/2007 Judgment of divorce (Page 26 of 38)

NOW, on motion of BURGER YAGERMAN & GREEN, LLP, attorneys for Plaintiff, it

is

ORDERED, ADJUDGED AND DECREED that pursuant to Domestic Relations Law

Section 170(2), the marriage between KELLY ASHMORE, Plaintiff, whose Social Security

Number is 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 and BENJAMIN ASHMORE, SR., Defendant, whose Social Security

Number is 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, is dissolved by reason of the abandonment of the Defendant by the

Plaintiff pursuant to DRL Section 170(2); and it is further

ORDERED AND ADJUDGED that pursuant to the Decision and Order of this Court on

May 5, 2011, Plaintiff shall have Sole residential custody of the Children, Sole decision-making

authority with respect to the Children, and will be permitted to relocate to Michigan with the

Children, to wit; Faith Ashmore, born October 7, 1997, whose Social Security Number is 385-

21-2282, Benjamin Ashmore, Jr., born April 19, 1999, whose Social Security Number is 384-23-

NOVEMBER

5573, and Lucienne Ashmore, born ~~October~~ 15, 2005, whose Social Security Number is 127-94-

7143.

ORDERED AND ADJUDGED that pursuant to the Decision and Order of this Court on

May 5, 2011, Defendant may have visitation with the Children every other weekend, supervised

by a mutually agreeable friend or relative, state certified agency or a therapist acceptable to this

Court; that defendant may have daily phone contact with the Children at 7 pm every night; that

the calls shall be monitored by Plaintiff through the use of a speaker phone; that other means of

electronic correspondence between Defendant and the Children shall also be permitted on the

condition that such modes of communication can be monitored by Plaintiff; that overnight

visitation by the Defendant with the Children is terminated; that this Court's Order terminating

2

37300/2007 Judgment of divorce (Page 27 of 38)

Plaintiff's ability to bring the Children to Church services and activities on any school night and

Friday nights is hereby modified to end all restrictions for Friday nights; and it is further

**ORDERED AND ADJUDGED** that pursuant to the Decision and Order of this Court on

May 5, 2011, child support is to be calculated pursuant to Domestic Relations Law Section 240,

which provides guidelines by the Child Support Standards Act (CSSA); that on the 1st of every

month, retroactive to October 18, 2007, the date of the commencement of this action, and going

forward, Defendant shall pay to Plaintiff Two Thousand Five Hundred Eighty-Three ($2,583)

_SUBJECT TO ANY FURTHER COURT ORDER MODIFYING SAME_

Dollars per month for child support; that as each child reaches the age of 21 or upon

emancipation of that child, whichever is earlier, Defendant's child support obligation shall be

reduced pursuant to the CSSA formula; that Defendant shall be permitted to claim the Children

as tax deductions during their dependency until Plaintiff earns a gross annual salary of Twenty-

Five Thousand ($25,000) Dollars or more; that thereafter, Plaintiff and Defendant shall alternate

the tax deductions as follows: Plaintiff, in even years shall be able to claim one child while

Defendant shall be able to claim two children; in odd years, Plaintiff shall be able to claim two

children while Defendant shall be entitled to claim one child; that upon the emancipation of any

child or the child turning 21 years of age, Plaintiff and Defendant shall equally share in claiming

the Children or child as deductions; that Defendant's claim that he has overpaid Plaintiff in child

support is denied; and it is further

**ORDERED AND ADJUDGED** that pursuant to the Decision and Order of this Court on

May 5, 2011, and subject to and in accordance with Domestic Relations Law Section 236, the

only items to be apportioned are the marital debt and competing claims of reimbursement and

reallocation by Plaintiff and Defendant; and it is further

**ORDERED AND ADJUDGED** that pursuant to the Decision and Order of this Court on May 5, 2011, and subject to and in accordance with Domestic Relations Law Section 236, Plaintiff is entitled to Six Thousand Nine Hundred Fourteen ($6,914) Dollars, one half of the refund based on a 2007 (post-commencement) tax return; and it is further

**ORDERED AND ADJUDGED** that pursuant to the Decision and Order of this Court on May 5, 2011, and subject to and in accordance with Domestic Relations Law Section 236, the debt accrued by virtue of loans taken out in the total amount of One Hundred Eighteen Thousand ($118,000) Dollars during the time Defendant was studying at various universities was used for the payment of college fees, tuition and related costs as well as living expenses for the family, that Plaintiff shall be responsible to pay her college debt of Two Thousand Five Hundred ($2,500) Dollars, and that Defendant shall be responsible to pay his debt of One Hundred Eighteen Thousand ($118,000) Dollars; and it is further

**ORDERED AND ADJUDGED** that pursuant to the Decision and Order of this Court on May 5, 2011, and subject to and in accordance with Domestic Relations Law Section 236, Plaintiff shall be required to pay 10% of the remaining marital debt, and Defendant shall be required to pay 90% of the remaining marital debt; and it is further

**ORDERED AND ADJUDGED** that pursuant to the Decision and Order of this Court on May 5, 2011, and subject to and in accordance with Domestic Relations Law Section 236, Defendant shall be required to pay Plaintiff Fourteen Thousand Five Hundred ($14,500) Dollars, which represents his unpaid share of forensic fees; and it is further

**ORDERED AND ADJUDGED** that pursuant to the Decision and Order of this Court on May 5, 2011, and subject to and in accordance with Domestic Relations Law Section 236, Plaintiff, upon receiving proofs of such payments by Defendant, is to reimburse Defendant for

4

7980/2007 Judgment of Divorce (Page 29 of 38)

any and all payments made by Defendant toward the satisfaction of parking tickets incurred by

Plaintiff subsequent to the commencement of this action; and it is further

**ORDERED AND ADJUDGED** that pursuant the Decision and Order of this Court on

May 5, 2011, commencing with the date of this Judgment of Divorce, and on each and every

week thereafter, Defendant shall pay to Plaintiff as and for her support and maintenance, the sum

of One Hundred Twenty-Five ($125) Dollars per week for five (5) years; that these payments

shall be taxable for Plaintiff and tax deductible by Defendant; and it is further

**ORDERED AND ADJUDGED** that the Children are covered by a Blue Cross/Blue

Shield medical insurance plan (Member ID #R50623178), and an Aetna Dental PPO dental

insurance plan (Member ID #W1813 54929, Group #863723-13-014), and shall remain covered

by the same or similar plan; and it is further

**ORDERED AND ADJUDGED** that pursuant to the Decision and Order of this Court on

May 5, 2011, Defendant shall procure a life insurance policy in the amount of Two Hundred

Fifty Thousand ($250,000) Dollars, listing his three children as beneficiaries; that proof of such

coverage shall be sent to Plaintiff at the beginning of every year until the emancipation of the

youngest child; and it is further

**ORDERED AND ADJUDGED** that pursuant to the Decision and Order of this Court on

May 5, 2011, Defendant shall pay ~~expenses in the amount of Two Thousand Six Hundred Five~~

~~($2,605) Dollars and~~ counsel fees in the amount of Thirty Thousand ($30,000.00) Dollars

directly to Burger Yagerman & Green, LLP, upon entry of the Judgment of Divorce with Notice

of Entry; and it is further

**ORDERED AND ADJUDGED** that the Plaintiff may resume use of her maiden name,

Wagner, or any other former surname, and it is further

5

7380/2007 Judgment of Divorce (Page 30 of 38)

**ORDERED AND ADJUDGED** that Plaintiff's attorney is directed to serve a copy of

this judgment with notice of entry upon Defendant within twenty (20) days after the date hereof,

and file an affidavit of said service with the County Clerk.

ENTER

JUN 30 2011

J.S.C.

HON. ERIC I. PRUS JSC

No. 78929

STATE OF NEW YORK,
COUNTY OF KINGS, SS
I, NANCY T. SUNSHINE,
COUNTY CLERK & CLERK
OF THE SUPREME COURT,
KINGS COUNTY, DO
HEREBY CERTIFY ON
07/08/2011

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

M147709
E/sl

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
SYLVIA HINDS-RADIX, JJ.

2011-11774, 2012-06738, 2012-07654

**DECISION & ORDER ON MOTION**

Kelly Ashmore, respondent,
v Benjamin Ashmore, appellant.

(Index No. 37380/07)

Motion by the appellant pro se on appeals from a judgment of the Supreme Court, Kings County, entered November 7, 2011, and two orders of the same court dated June 19, 2012, and July 26, 2012, respectively, to waive the requirements of 22 NYCRR 670.10.2(f) regarding certification of the appellant's appendix.

Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, it is

ORDERED that the motion is granted; and it is further,

ORDERED that on the Court's own motion, the respondent's time to serve and file a brief is enlarged until January 7, 2013, and the respondent's brief, if any, must be served and filed on or before that date.

RIVERA, J.P., BALKIN, COHEN and HINDS-RADIX, JJ., concur.

ENTER:

Aprilanne Agostino
Clerk of the Court

December 6, 2012

ASHMORE v ASHMORE