# MUSCARELLA, BOCHET, EDWARDS & D'ALESSANDRO

A Professional Corporation
Counsellors At Law

WILLIAM C. BOCHET*
BARBARA ANNE EDWARDS
JAMES P. D'ALESSANDRO**

**10-04 River Road**
**Fair Lawn, New Jersey 07410**

(201) 796-3100
Fax (201) 791-0350

---
MICHAEL J. MUSCARELLA (1913-2010)

* CERTIFIED BY THE
  SUPREME COURT
  OF NEW JERSEY AS A
  CIVIL TRIAL ATTORNEY

** NEW YORK BAR

July 17, 2013

**Honorable Morris Stern**
**chambers_of_ms@njb.uscourts.gov**
United States Bankruptcy Court
P.O. Box 1352
Newark, NJ  07101-1352

           Re:    **Benjamin J. Ashmore, Debtor**
                  Ch. 7; Case No.  13-17450-MS
                  Debtor's Motion to Dismiss Petition
                  Return Date:  July 23, 2013
                            @ 12:00 P.M.

Dear Judge Stern:

This office represents Trustee Barbara A. Edwards in the above captioned matter.  We ask that you kindly accept this letter in opposition to debtor's Motion seeking an Order permitting the dismissal of his petition.

The Certification submitted in support of the Motion at paragraph 3 simply states that "Upon information and belief, and due to intervening matters, I will now be able to meet my obligations and thus ask for the petition to be dismissed.  My filing was a mistake."

On June 20, 2013, the Trustee sent a letter to the debtor requesting that he provide an explanation as to the "intervening matters" that require the petition to be dismissed so that both the Trustee and this Court can have a full understanding of the relevant circumstances.  Thereafter, on June 21, 2013, the debtor sent a letter of explanation to the Trustee.  A copy of that letter is annexed hereto without the exhibits attached to it.

Based upon the letter from this pro se' debtor, it is now apparent that he is the plaintiff in a substantial whistleblower lawsuit presently pending in the United States District Court for the Southern District of New York.  Although the debtor's action survived a Motion for dismissal in June 2012, he elected to file the within petition on April 8, 2013, in the apparent belief that the suit had little or no chance of success.  In addition, this whistleblower claim does not appear as a potential asset on the petition.

TO: United States Bankruptcy Court
DATE: July 17, 2013
Page Two

The limited gag Order in the whistleblower litigation prohibits the debtor from fully explaining the status of this case, however, with some discovery completed, the debtor now believes that the matter may be close to a resolution, presumably by way of a settlement. Clearly, the whistleblower action is a viable claim, and, by all indications, debtor is represented by competent counsel in that matter.

Schedule F of the debtor's petition reveals total debt in the sum of $293,784.00. This includes close to $136,000.00 in non-dischargeable student loans and close to $14,500.00 in obligations due to the Internal Revenue Service. In addition, there are 29 separate creditors listed by the debtor on his petition.

It is the position of the Trustee that the best course of action would be for the Trustee to retain counsel representing the debtor in the whistleblower action, with any settlement or judgment to be administered through this Court. Due to the substantial amount of debt set forth on the petition and the number of creditors, it would be in the best interest of the creditors and the debtor himself to be the subject an orderly distribution and discharge of debt through the bankruptcy process.

Accordingly, it is respectfully requested that this Court deny the Motion of the debtor seeking the dismissal of the within petition.

Respectfully submitted,

JAMES P. D'ALESSANDRO,
For the Firm

JPD:md

CC: Mr. Benjamin Jeffrey Ashmore
70 Adler Drive
Ramsey, NJ 07446