# BENJAMIN J. ASHMORE, SR.

June 21, 2013

<u>BY CERTIFIED FIRST CLASS MAIL</u>

Barbara A. Edwards, Esq.
Muscarella, Bochet, Edwards & D'Alessandro
10-04 River Road
Fair Lawn, N.J. 07410

        Re:   *In re Benjamin Ashmore*
                 Docket No. 13-17450-MS
                 Interim Trustee Letter dated June 20, 2013

Dear Ms. Edwards:

I write in reply to your captioned correspondence requesting further details concerning paragraph three of my calendared motion to dismiss the petition.

On June 16, 2010, I was terminated from my position at CGI as the Manager of Government Services and Consulting because of my refusal to participate in a fraudulent scheme intended to defraud the U.S. Government. My unemployment after this termination was the principal reason for my bankruptcy.

My attorneys thereafter filed a Sarbanes-Oxley whistleblower complaint in the Department of Labor as required by statute, where my case first began an administrative review process. Although this administrative review process did not conclude, once permissible by statute, my attorneys filed for *de novo* review in the U.S. District Court. Annexed as Exhibit A to this letter is a copy of the Complaint filed in District Court, which more fully sets forth the details concerning this termination.

At every stage of these proceedings to date, CGI had aggressively disputed my allegations. Additionally and extant to these proceedings, CGI Federal contested the U.S. Department of Housing and Urban Development's ("HUD") decision to remove all of its existing contracts (which are central to my Sarbanes-Oxley action) through two separate Government Accountability Office protests which were eventually appealed to the Court of Federal Claims (Fed Cl no. 12-852C). On April 19, 2013 the Court of Federal Claims ruled in favor of HUD however this decision has been appealed to the U.S. Court of Appeals for the Federal Circuit. Please see Exhibit B annexed hereto.

In my District Court proceeding, in a lengthy Memorandum & Order annexed hereto at Exhibit C, District Judge Sands denied CGI's motion to dismiss the complaint holding, in pertinent part that:

> "Defendants do not dispute that, in his phone conversations with Carragher and other CGI Federal employees, Ashmore specifically identified the conduct that he believed to be illegal—namely, the Director Shell Company Scheme. Nor do they dispute that Carragher, and the other CGI Federal employees to whom Ashmore complained did not understand to what Ashmore was referring when he told them that the Director Shell Company Scheme represented an illegal attempt to evade federal and HUD acquisition regulations. They merely contest the specificity with which Ashmore described *how* the behavior was illegal. Specificity of this kind is not required for whistleblowers to receive the protection of § 806"

Next, District Court Judge Furman denied CGI's motion to appeal Judge Sands' June 17, 2012 order to the U.S. Court of Appeals for the Second Circuit. Please see Exhibit D annexed hereto.

At present, this proceeding is near the end of an enlarged discovery period. Although I am at present constrained from discussing the particulars of discovery and depositions by a limited protective order so-ordered by the Court; after production of tens of thousands of documents, we have completed a first round of depositions with further depositions scheduled for the week of June 24th and later next month.[1]

Upon information and belief, and in consideration of the depositions already taken, and upon discussions with my counsel; I am hopeful that a favorable conclusion is near, perhaps before the end of discovery. I also understand from your associate James D'Alessandro that I am obligated to immediately inform your office if any settlement offer is tendered prior to dismissal of my bankruptcy petition, and I have so informed my counsel.

At the time that I commenced my bankruptcy proceeding, there appeared no end in sight to this action where my adversary has bitterly contested my allegations at every step. However, at this stage in the proceedings after depositions, I now (and unexpectedly) believe that I will have the ability to satisfy my creditors in full.[2] Naturally in light of these facts, I would like to be able to satisfy my creditors in addition to preventing the blemish on my credit of a bankruptcy. I had held off on filing for bankruptcy for as long as possible, especially in light of my difficulties in finding reemployment due to the media coverage of my case and being labeled as a "whistle-blower."

If you have any further questions, please do not hesitate to contact me. Also, per my conversations with Mr. D'Alessandro, I will not be attending the calendared 341(a) hearing.

Very truly yours,

Benjamin J. Ashmore, Sr.

---

[1] These are the depositions referenced in my May 13, 2013 correspondence to you concerning the adjourned 341(a) hearing.

[2] You will note in my bankruptcy petition that my debts, except for my non-dischargable student loans and support obligations from my divorce, are relatively low, especially compared to my prior earnings.