```
                    UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF NEW JERSEY


   IN RE:                        .    Case No. 13-17450(VFP)
                                 .
   BENJAMIN JEFFERY ASHMORE,.         M.L.K. Federal Building
                                 .    50 Walnut Street, 3rd Floor
                                 .    Newark, NJ 07102
            Debtor.              .
                                 .    July 23, 2013
   . . . . . . . . . . . . .     .    1:25 p.m.



                   TRANSCRIPT OF MOTION TO DISMISS
                    BEFORE HONORABLE MORRIS STERN
                 UNITED STATES BANKRUPTCY COURT JUDGE



   APPEARANCES:

   For the Debtor:           By:  BENJAMIN JEFFERY ASHMORE
                                  Pro se

   For Barbara Edwards:      Muscarella, Bochet, Edwards &
                             D'Alessandro
                             By:  JAMES P. D'ALESSANDRO, ESQ.
                             10-00004 River Road
                             Fair Lawn, NJ  07410




   Audio Operator:           Mariela Primo





   Proceedings recorded by electronic sound recording, transcript
              produced by transcription service.
   _____

                    J&J COURT TRANSCRIBERS, INC.
                        268 Evergreen Avenue
                     Hamilton, New Jersey 08619
                     E-mail:  jjcourt@jjcourt.com

               (609) 586-2311    Fax No. (609) 587-3599
```

1              THE COURT:  Ashmore.  Yes, sir.
2              MR. ASHMORE:  Good morning or good afternoon.  I'm
3  the movant.
4              THE COURT:  Please come forward.  Appearances please.
5              MR. D'ALESSANDRO:  James D'Alessandro, Muscarella,
6  Bochet, for trustee Edwards.
7              MR. ASHMORE:  Benjamin Ashmore, Your Honor, the
8  debtor.
9              THE COURT:  All right.  This is a motion to dismiss
10 on a voluntary basis.  You're opposing on behalf of the
11 trustee?
12             MR. D'ALESSANDRO:  Yes, Judge.  We filed a letter in
13 opposition and -- which states that Mr. Ashmore has advised us
14 and he sent a letter and I did attach a copy of that letter to
15 our response indicating that the reason that he wants to take a
16 dismissal of the case is because there's apparently a lawsuit
17 pending in federal court in New York --
18             THE COURT:  Whistleblower lawsuit?
19             MR. D'ALESSANDRO:  -- a whistleblower lawsuit that
20 now appears to be ready to be settled.  It might pay off.
21 There may be -- so there's an asset or a potential asset.
22             And it's our position that the case should stay here
23 so that we can have an orderly -- it's even in Mr. Ashmore's
24 best interest, not just the creditors' interest, that we can
25 have an orderly distribution of the asset if it comes to

1  fruition.  If it doesn't, Mr. Ashmore can still get his
2  discharge and there will be certainty and finality to the
3  proceeding.
4         Mr. Ashmore's motion basically just says that well, I
5  think I can get money now and if I do get this lawsuit award, a
6  large award, I'll take care of the creditors.  I mean there's
7  $290,000 of debt showing on the petition, 29 different
8  creditors.  And if, in fact, this whistleblower lawsuit
9  potentially is lucrative as Mr. Ashmore seems to think it is, I
10 understand there's a gag order so I can't really explain
11 exactly where things are, but it appears to be a substantial
12 asset that should be administered for everybody's benefit, the
13 creditors and also to give Mr. Ashmore finality and certainty
14 in terms of his getting rid of this -- discharging this debt or
15 dealing with it.
16        THE COURT:  Thank you.  Mr. Ashmore?
17        MR. ASHMORE:  Thank you, Your Honor.  Just a couple
18 of points of clarity.  In the prior pleadings in the court with
19 respect to the trustee's request to extend any opposition, I
20 noted that most of the debts of the 293,000 with the exception
21 of the non-dischargeable student loan debt arises out of a
22 divorce in New York which is still on-going and there's a
23 potential for those debts to be allocated to my ex-wife.  I put
24 some orders in.  That's with respect to the debt.  There's
25 issues with respect to the divorce.

1          As to the whistleblowing action, I believe I appended
2  the orders to my letter on the request of the trustee, I simply
3  wish to withdraw the petition because I don't want to incur
4  additional costs, I don't want to take up your judicial
5  resources and I'd like to have the power with respect to the
6  whistleblower action to resolve that matter.
7          Now, the trustee is correct.  There is a limited gag
8  order in effect, but I could -- without violating that gag
9  order, I can basically tell you why I think that there's no
10 need for this bankruptcy proceeding to go forward.  This -- my
11 whistleblowing complaint arises out of the rebid of a billion-
12 dollar contract by the U.S. Department of Housing and Urban
13 Development and my former employer had a fifth of that
14 contract.  And initially it was going to be an open and
15 competitive rebid and during that process, my employer found
16 out that there were some potential restrictions and they looked
17 for ways to get around those potential restrictions.
18         As we stand here today, my employer tried to fire me
19 before they engaged in the fraudulent activity and they went on
20 afterwards to continue to engage in that fraudulent activity
21 and the U.S. Department of Housing and Urban Development
22 stripped their existing contracts from them.  That case has
23 been litigated.  They have lost it every step of the way.  It's
24 now pending in the U.S. Court of Appeals for the Federal
25 Circuit.

1           In my case at the point in time that I commenced the
2  bankruptcy proceeding, and this was noted in the pleadings,
3  they had contested at every step of the way my claims and my
4  claims were based on what I had said.  I had no documentation
5  that I had made my objections to this potential scheme in
6  writing.  I simply told someone who worked with me that you
7  can't do this.
8           Standing here before you after a motion to dismiss,
9  after a motion to appeal, after fighting over discovery, my
10 former employer dumped 17,000 documents on my lawyers after we
11 fought about discovery.  Having gone through those documents,
12 having gone through almost all the depositions, we finish up
13 our depositions tomorrow and on Wednesday without violating the
14 terms of that gag order, what was alleged in the complaint we
15 have been able to corroborate through the discovery.
16          Now, going forward we had a status conference before
17 the federal judge about three weeks ago and my former employer
18 informed the judge that they intended to make a motion for
19 summary judgment.  She indicated that she was not going to let
20 them make that motion directly, that they could provide the
21 documents to her and that she would probably hold that until
22 after trial.  But because trial -- a jury trial is on this --
23 is right around the corner and because this limited gag order
24 is lifted the minute we go to trial, I have every reason to
25 believe that the unsecured creditors in my bankruptcy petition

1  have every ability to be paid apart from my divorce.
2          My divorce is -- there's a court order out of the
3  Appellate Division from June 28th of 2013.  I can hand that up
4  if you wish to see it.  I could supplement my affidavit with
5  some further details.  But I simply do not want to take the
6  resources of the trustee, the resources of the Court when from
7  all indications my position standing here today is much
8  different than it was several months ago.  And I'm not looking
9  to get out of paying my creditors.  They certainly have every
10 ability to come after me if I didn't pay them and there was a
11 settlement and I presume absolute worst case scenario, if the
12 case were to fall apart, I have the ability to refile.  But
13 standing here today, I don't want to conserve (sic) the Court's
14 resources and the trustee's and to forego my attorneys'
15 abilities to litigate this in my best interests.
16         THE COURT:  How would it affect your attorneys'
17 ability to litigate it?
18         MR. ASHMORE:  Oh, I believe the trustee has authority
19 over any settlement negotiations.
20         THE COURT:  Well, all right, so, you know, is there
21 any difference in interest that you might have versus what the
22 trustee might promote by way of settlement?  I mean certainly
23 strategically you have the same goal, to get as much money as
24 possible.
25         MR. ASHMORE:  That is correct, Your Honor.

1        THE COURT:  I don't see any strategic conflict or
2   difference.  You volunteered to put this matter before the
3   Court.  This is not a case with a few creditors.  You have 29
4   creditors.  There's $14,000 scheduled as due IRS, $136,000 in
5   student loans, total is, as I said before, of almost $300,000
6   in general unsecured debt.  And to the extent that the trustee
7   has now taken on the responsibility for dealing fairly with
8   assets and creditors' claims, it's not as though you can just
9   step in and then step out when your situation improves in terms
10  of pre-petition assets.  I don't see any inconsistency here.
11  If there is a problem in working your way toward a settlement
12  and you say the amount should be X and Mr. D'Alessandro on
13  behalf of the trustee says the amount should be Y, the Court is
14  always available to you.  You don't have to worry about the
15  Court's resources.  We'll supply the resources.
16       But I don't think in considering what's in the best
17  interest of the estate, I should at this time dismiss this
18  case.  Things may change in the future so I'm going to deny
19  your motion.
20       MR. ASHMORE:  Thank you, Your Honor.
21       MR. D'ALESSANDRO:  Thank you, Judge.
22                      * * * * *

# **C E R T I F I C A T I O N**

      I, MARY POLITO, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.


/s/ Mary Polito

MARY POLITO

J&J COURT TRANSCRIBERS, INC.          DATE:  November 5, 2015