UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

FORMAN HOLT ELIADES
& YOUNGMAN LLC
80 Route 4 East, Suite 290
Paramus, New Jersey 07652
(201) 845-1000
Michael E. Holt, Esq.
mholt@formanlaw.com
Proposed Special Counsel for Barbara A, Edwards,
Chapter 7 Trustee

In Re:

BENJAMIN JEFFERY ASHMORE,
                Debtor.

Case No.: 13-17450 (VFP)

Chapter: 7

Judge: Vincent F. Papalia

# CERTIFICATION OF BARBARA A. EDWARDS IN SUPPORT OF MOTION TO REOPEN BANKRUPTCY CASE AND APPOINT INTERIM TRUSTEE

Barbara A. Edwards, of full age, certifies as follows:

1. I was the duly appointed trustee in the above matter and I am fully familiar with the facts and circumstances herein.

2. I make this certification in support of a Motion to reopen the Debtor's chapter 7 case.

3. This case was filed under Chapter 7 of the Bankruptcy Code on April 8, 2013.

4. I was appointed Interim Trustee on April 9, 2013 and the §341(a) hearing was conducted on August 12, 2013.

5. The Debtor is the plaintiff in a whistleblower lawsuit presently pending in the United States District Court Southern District of New York. The Debtor's interest in that litigation was not listed as an asset on Schedule B which was filed with his Chapter 7 petition, although it was

00536215 - 1

disclosed in his Statement of Financial Affairs as a pre-petition lawsuit to which the Debtor was a party.

6. On September 6, 2013, I entered into a letter agreement with the Debtor whereby we agreed that I would close the Debtor's Chapter 7 case and the Debtor and his counsel would pursue the above litigation. The Debtor also agreed that he would consent to the reopening of his Chapter 7 case if the amount collected in that litigation would provide a significant recovery to his creditors and that he would not claim that the litigation was abandoned by my closing of the case. A copy of the September 16, 2013 letter agreement is attached as Exhibit A.

7. Thereafter, I filed a Report of No Distribution in the Debtor's Chapter 7 case and the Debtor was granted a discharge in November 2013.

8. On September 22, 2015, I filed a Motion to reopen the Debtor's Chapter 7 case when I learned from the attorneys for the defendants in the whistleblower suit that the parties were engaged in settlement discussions.

9. I withdrew that Motion without prejudice upon the representation of Debtor's counsel that the proceeds of any settlement would be preserved for the bankruptcy estate and that reopening this case would unnecessarily delay the trial date in the whistleblower matter.

10. Subsequently, the defendants in the whistleblower suit filed a Motion to dismiss that action on the grounds that Debtor lacks standing to prosecute the claim since the claim is property of the bankruptcy estate.

11. I am concerned that if the whistleblower suit is dismissed due to a lack of standing a valuable asset will be lost for both the Debtor and his creditors. Therefore, I am renewing my motion to reopen the Debtor's case at this time.

12. The Debtor has argued in opposition to the motion to dismiss the whistleblower suit

2

that I abandoned any interest in that litigation under Section 554 of the Bankruptcy Code when I filed my Report of No Distribution. That argument is contrary to my September 6, 2013 letter agreement with the Debtor.

13. I have also learned since the filing of the initial Motion to reopen this case that the debtor had an interest in a settlement in connection with another pre-petition litigation against a former employer, which was not previously disclosed in his Chapter 7 case.

14. This second litigation was brought in the New York State Courts for wrongful discharge from employment and was also an asset of the bankruptcy estate. Upon information and belief, the Debtor has since received funds as a result of that settlement.

15. I certify that the above statements are true to the best of my knowledge, information and belief. I am aware that if any of the above statements are willfully false, I am subject to punishment.

*/s/    Barbara A. Edwards*
Barbara A. Edwards

3