|   |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **PROSKAUER ROSE LLP**<br>Irena M. Goldstein<br>Zachary D. Fasman<br>Eleven Times Square<br>New York, NY 10036-8299<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>igoldstein@proskauer.com<br>zfasman@proskauer.com<br><br>*Counsel to CGI Group Inc. &*<br>*CGI Federal Inc.* |

| | |
|---|---|
| In re:<br><br>BENJAMIN JEFFREY ASHMORE,<br><br>    Debtor. | Case No.: 13-17450 (VFP)<br><br>Chapter 7<br><br>Judge: Hon. Vincent F. Papalia |

## CGI'S LIMITED OBJECTION TO THE DEBTOR'S OPPOSITION TO THE FORMER TRUSTEE'S MOTION TO REOPEN THE BANKRUPTCY CASE

CGI Group Inc. and CGI Federal Inc. (together, "CGI")[1] submit this limited objection (the "Limited Objection") to the Debtor's Opposition to the Former Trustee's Motion to Reopen the Bankruptcy Case, ECF No. 60.  In support of this Limited Objection, CGI respectfully represents as follows:

1.  The only issue before this Court is whether or not the Former Trustee's Motion to Reopen should be granted and a new Trustee appointed. CGI has consistently stated that it expresses no view regarding the reopening of the Debtor's bankruptcy case.

2.  CGI nonetheless is obliged to observe that once again the Debtor, in the guise of objecting to the Motion to Reopen, seeks to have this Court to decide issues pending decision

---

[1] The capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in CGI's Objection to the proposed Consent Order, ECF No. 44.

before Judge Torres—whether the Former Trustee abandoned the Action to the Debtor and whether he has standing to litigate the action in District Court. *See* ECF 37-3 (CGI's Motion to Dismiss). This Court refused to preempt Judge Torres by rejecting the proposed Consent Decree, and it should do so again. These questions are fully briefed and ripe for decision by Judge Torres, who has informed this Court that she is prepared to decide the Motion to Dismiss. This Court and the parties should await her decision.

3. Moreover, the only issue now before the Court is whether to reopen and whether a Trustee should be appointed. Substantive issues need not and should not be considered on a Motion to Reopen. *In re Rashid*, No. 04-1585, U.S. Dist. LEXIS 25032, at *6-7 (E.D. Pa. Dec. 14, 2004) ("Where a bankruptcy case is closed and the estate no longer exists, and where plaintiff does not seek to have the bankruptcy case opened for cause pursuant to 11 U.S.C. § 350(b) and Bankruptcy Rule 5010, the court is without jurisdiction to entertain any proceedings, irrespective of whether those proceedings are defined as 'core' or 'non-core' proceedings.") (citing *Walnut Assocs. v. Saidel*, 164 B.R. 487, 491 (E.D. Pa. 1994)); *see also United States v. Germaine (In re Germaine)*, 152 B.R. 619, 624 (B.A.P. 9th Cir. 1993) ("The reopening of a case is merely a ministerial or mechanical act which allows the court file to be retrieved from the stacks of closed cases….").

4. For these reasons, and for the reasons explained in our prior letters, *see, e.g.*, ECF No. 51, CGI respectfully requests that this Court not consider the abandonment and standing issues.[2]

---

[2] There are numerous factual inaccuracies in the Debtor's Opposition; for example, the Debtor alleges that his meritless claims are worth $2.4 million, ECF No. 60 at 9, but neglects to inform the Court that Judge Torres granted in part CGI's motion for summary judgment and dismissed his claims for an annual bonus, substantially reducing the potential damages available in the unlikely event the Debtor prevails on the merits of his remaining claim. Because the Motion to Dismiss is properly before Judge Torres, we will not belabor these issues at this time.

**Reservation of Rights**

5.CGI reserves all of its rights in connection with the reopening of the Debtor's Chapter 7 case, including the right to raise any objection to any matter, motion, application or other pleading filed in the Chapter 7 case in this Court or in the District Court.

WHEREFORE, CGI respectfully requests that this Court grant the relief requested in this Limited Objection and grant such additional relief as is just and proper.

Dated:  New York, New York
March 11, 2016

/s/ *Irena M. Goldstein*
Irena M. Goldstein
Zachary D. Fasman
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299
Tel:  (212) 969-3000
Fax:  (212) 969-2900
igoldstein@proskauer.com
zfasman@proskauer.com
*Counsel to CGI*