| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>FORMAN HOLT<br>66 Route 17 North, First Floor<br>Paramus, NJ  07652<br>Telephone:  (201) 845-1000<br>Facsimile:  (201) 655-6650<br>Michael E. Holt, Esq.<br>mholt@formanlaw.com<br>Special Counsel for Barbara A. Edwards, Chapter 7 Trustee | |
| In Re:<br><br>BENJAMIN JEFFERY ASHMORE,<br><br>Debtor. | Case No.:   13-17450 (VFP)<br><br>Chapter:    7<br>Judge:    Vincent F. Papalia |

**TRUSTEE'S  MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER (1) APPROVING SETTLEMENT AND (2) AUTHORIZING ABANDONMENT**

Barbara A. Edwards, trustee (the "Trustee") for the Chapter 7 estate of Benjamin Jeffrey Ashmore (the "Debtor"), submits this motion (the "Motion") for an order under Fed. R. Bankr. P. 9019(a) approving a settlement between the Trustee and the Debtor memorialized in the settlement agreement (the "Settlement Agreement") attached as Exhibit A to the Trustee's certification submitted in support of the Motion, and further authorizing the abandonment of property of the Debtor's estate under Section 554 of the Bankruptcy Code as provided in the Settlement Agreement.  In support of the Motion, the Trustee respectfully represents that:

**A.      JURISDICTION**

1. The court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b).

2. This is a core proceeding as that term is defined in 28 U.S.C. §157(b)(2).

F0001474 - 1

3. Venue of this matter is proper in this District and this Court pursuant to 28 U.S.C. §§1408 and 1409.

4. The predicates for the relief sought are 11 U.S.C. §§105, 363 and 554, and Federal Rules of Bankruptcy Procedure 6007 and 9019(a).

**B.    BACKGROUND**

5. Submitted herewith is a certification by the Trustee which sets forth at length the factual and procedural background for this matter. The Trustee incorporates that certification herein.

**C.    THE PROPOSED SETTLEMENT**

6. The settlement as proposed provides a mechanism whereby the Trustee may satisfy all of the allowed costs of administration and provide a distribution of 100% to allowed claims in this matter. The Trustee, in the reasonable exercise of her business judgement, believes that the proposed settlement is reasonable and in the best interests of the Debtor's estate and asks that it be approved by the court. The terms of the proposed settlement are described below.

7. The Trustee is to file a Notice of Abandonment to Ashmore of any right, title or interest that the Estate has or may have in any and all assets of the Debtor, including, but not limited to, the SOX Action, pursuant to Section 554(a) of the Bankruptcy Code. The Trustee filed the Notice of abandonment on August 23, 2017 [Doc. No. 140].

7. Within five days of the effective date of the Notice of Abandonment pursuant to Rule 6007 of the Federal Rules of Bankruptcy Procedure and Rule 6007-1 of the Local Rules of Bankruptcy Court, the Debtor, with funds provided under the Funding Agreement, will (a) deliver sufficient funds to the Trustee to pay all of the allowed Claims and the

Administrative Costs in full (the "Settlement Payment"); provided, however, that, upon approval of the Trustee's final report and proposed distribution by the Court, the Trustee shall promptly return funds equal to the difference, if any, between the filed and allowed amount of any such Claims plus the Administrative Costs and the amount of the Settlement Payment.

8. In the event that the Debtor fails to timely make the Settlement Payment, any abandonment of the property of the estate under Section 554(a) of the Bankruptcy Code will be vacated without further notice to creditors or order of the Court.

9. Upon delivery of the Settlement Payment to the Trustee and the Notice of Abandonment becoming effective, the Trustee shall use her best efforts to reasonably cooperate with the Debtor in the substitution of the Debtor in the SOX Action as the plaintiff and proper party in interest, and shall execute such documents as are reasonably necessary to achieve that end; provided, however, that none of the obligations of the Debtor or the Trustee under this Consent Order are predicated upon or subject to the entry of an order by the District Court approving such substitution or upon the ultimate disposition of the SOX Action.

10. Upon the abandonment of the SOX Action becoming effective under Section 554(a) of the Bankruptcy Code and as provided herein, the Debtor shall release the Trustee and all of her professionals from all claims or causes of action, whether known or unknown in connection with the SOX Action and the Chapter 7 Case other than the Trustee's obligations to perform under the terms of the settlement; provided, however, that the Debtor reserves the right to object to any applications by the Trustee and her professionals for allowance of Administrative Costs.

**D.    BASIS FOR REQUESTED RELIEF**

11.    Federal Rule of Bankruptcy Procedure 9019(a) authorizes the Court, after notice and a hearing, to approve a compromise or settlement of a controversy.

12.    Compromises are favored in bankruptcy cases to minimize litigation and to expedite the administration of bankruptcy estates. *In re Martin*, 91 F. 3d 389, 392 (3d Cir. 1996); In *Martin*, the Third Circuit enumerated the following factors to guide a court in its determination of the reasonableness of a settlement: "(1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interests of the creditors." <u>Id</u>. At 393; *see also, In re Nutraquest, Inc.,* 434 F. 3d 639, 644 (3d Cir. 2006).

13.    A proposed settlement need not be the best one that could be achieved, but must only fall "within the reasonable range of litigation possibilities." *In re Penn Central Transportation Company*, 596 F. 2d 1102, 1114 (3d Cir. 1979). In reaching such a determination, "the court is not supposed to have a 'mini trial' on the merits but should 'canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness.'" *In re Jasmine Ltd.*, 258 B.R. 119, 124 (D.N.J. 2000) (quoting *In re Neshaminy Office Building Associates*, 62 B.R. 798, 803 (E.D. PA 1986)); *In re WT Grant Co.*, 699 F. 2d 599, 608 (2d Cir. 1983), *cert. denied,* 464 U.S. 22 (1983).

14.    The Bankruptcy Court should "defer to the trustee's judgment so long as there is a legitimate business justification" to support the settlement. *In re Martin*, 91 F. 3d at 395 (citations omitted).

15. The proposed settlement satisfies all of the *Martin* standards for approval of settlements in bankruptcy cases and should be approved by the Court.

16. First, the settlement, resolves complicated issues regarding whether the SOX Action is property of the estate and whether it is the Trustee or the Debtor who has legal standing to prosecute that litigation. The settlement provides a mechanism whereby the Administrative Costs and allowed claims in the chapter 7 case will be paid in full. The settlement is not predicated upon the ultimate success in the SOX Action. The ultimate outcome of the SOX Action is speculative and pursuing that litigation would be time-consuming and expensive for the Estate. Thus, the probability of success in the underlying litigation is not a factor as the settlement shifts the risks and expenses of pursuing that litigation to the Debtor while providing a 100% distribution to creditors of the Estate.

17. There will be no difficulties associated with collection if the settlement is approved. The Debtor has arranged financing to satisfy his obligations and the settlement provides that any abandonment of the SOX Action or other property of the Estate will be vacated if the Debtor does not timely turn over the funds to the Trustee. On the other hand, if the settlement is not approved and the Trustee retains special litigation counsel to pursue the SOX Action, the trial and likely appeals would make collection highly speculative.

18. The third *Martin* factor involves the complexity of the litigation and the expense, inconvenience and delay associated with pursuing it. This factor weighs heavily in favor of approval of the settlement. There are multiple layers of complexity involved in this dispute. First, there are the issues regarding whether the SOX Action is property of the Estate. While the Trustee is confident that it is, the Debtor disputes that and it is very likely that a resolution of that dispute will involve extended litigation and appeals. Assuming that that issue is decided in favor

of the Trustee, the merits of the SOX Action still would need to be litigated, which could take years more of time and would have a substantial cost to the Estate. This Chapter 7 case is pending for 4 years already and the SOX Action has been litigated for longer than that. Approval of the proposed settlement relieves the Estate of those costs and delay and provides a substantial dividend to creditors sooner than later.

19. Finally, and perhaps most importantly, there is the "paramount interests of the creditors." The proposed settlement provides for payment in full to the holders of allowed claims. There cannot be a better result in a chapter 7 case.

20. The Trustee, in the exercise of her business judgment, believes that the proposed settlement falls well within the required "range of reasonableness" and that it should be approved by this Court.

21. If the settlement is approved, abandonment of the SOX Action and other property of the Estate is appropriate under Section 554(a) of the Bankruptcy Code as that property will be of inconsequential value to the Estate. Pursuing those assets will serve no purpose as the allowed claims will have been paid in full.

**E.    NOTICE**

22. As stated above, notices of the proposed settlement and abandonment of assets as provided for herein were served by the Clerk's office upon all known creditors in this matter [Doc Nos. 143 and 144]. Notice of this motion and all related pleadings are being served upon (a) the Office of the United States Trustee for the District of New Jersey, (b) counsel for CGI, (c) counsel for the DOE and (d) those parties that have requested receipt of pleadings in the Debtor's chapter 7 case pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that the notice provided is appropriate.

WHEREFORE, the Trustee respectfully requests the court enter an order approving the settlement agreement and granting such other and further relief as the court deems appropriate.

                    FORMAN HOLT
                    Special Counsel for Barbara A. Edwards, Chapter 7 Trustee

Dated: September 5, 2017          */s/ Michael E. Holt*
                                       Michael E. Holt